**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7651**

─────────────

JERRELL ANTONIO ROBERTS,

Petitioner - Appellant,

v.

BRYAN DOBBS,

Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Joseph Dawson, III, District Judge.  (9:21-cv-00004-JD)

─────────────

Submitted:  July 21, 2022                                            Decided:  July 25, 2022

─────────────

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jerrell Antonio Roberts, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrell Antonio Roberts, a federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation and dismissing without prejudice for lack of jurisdiction Roberts' 28 U.S.C. § 2241 petition in which Roberts sought to challenge his 18 U.S.C. § 922(g) conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and, given Roberts' concession that he has not yet filed a § 2255 motion relevant to the challenged conviction, we find no reversible error in the district court's conclusion that it lacked jurisdiction to consider Roberts' § 2241 petition. *See Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 568-69 (4th Cir. 2021) (reiterating that "[t]he Section 2255 remedy is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a Section 2255 motion" (cleaned up)). Accordingly, we affirm the district court's order. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*